**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KIRSHA BROWN, <br>                Plaintiff, <br> vs. <br> CLARK COUNTY SOCIAL SERVICES, <br>                Defendants. | Case No. 2:10-cv-00776-PMP-PAL <br><br> **REPORT OF FINDINGS AND RECOMMENDATION** |

Plaintiff Kirsha Brown is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1) on May 6, 2010. This proceeding was referred to this court by Local Rule IB 1-9.

**I.    *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff filed her complaint on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). "The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (emphasis added) (*citing Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

Plaintiff's Complaint does not state a claim under 42 U.S.C. § 1983 or any other federal claim. Plaintiff simply alleges that Defendant is "gang stalking" and harassing her by refusing, denying, or decreasing her Social Security benefits. Plaintiff requests $1 million dollars in damages. 28 U.S.C. § 1915(d) gives the court the power to dismiss "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). The court finds Plaintiff's claim that Clark County Social Services has "gang stalked" and harassed Plaintiff at the request of local law enforcement because of her "target status" is fantastic and

/ / /

delusional. Moreover, Plaintiff provides no facts to support this claim or any cognizable claim pursuant to 42 USC § 1983, and it will be recommended that the Complaint be dismissed.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED.

Dated this 3rd day of June, 2010.

                                                PEGGY A. LEEN
                                                UNITED STATES MAGISTRATE JUDGE